United States District Court
District of South Carolina

| | |
|---|---|
| Earnest Simpkins, #237351; ) | C/A No. 4:05-1988-RBH-TER |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Warden Faulkenbery, Warden, Kershaw Correctional ) | |
| Institution (KCI); Sgt. Tucker; Cpl. Sullivan; Educational ) | |
| Coordinators; Major Neasman; Warden Dunlap; Lt. ) | |
| Fleming; Ms. Maddox, Office of SCDC General Counsel; ) | |
| Ms. Anderson, Office of SCDC General Counsel; Sgt. ) | |
| Harris; Ms. Hardin, KCI Inmate Grievance Coordinator ) | |
| (IGC), in Individual and Official Capacities; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, Earnest Simpkins (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42, United States Code §1983. Under 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

**BACKGROUND**

Plaintiff is incarcerated at Kershaw Correctional Institution (KerCI) in Kershaw, South Carolina. The original Complaint was filed in this Court on June 30, 2005. See Richardson, et al, v. Faulkenbery, et al., 4:05-1864-RBH-TER (D.S.C. 2005). Jointly with two other KerCI inmates, the Plaintiff commenced this action with a single Complaint alleging that the Defendants had interfered with their cooperative efforts to pursue various legal remedies.

Among the allegations were claims that the Defendants denied them access to a law library, confiscated legal materials and subjected them to disciplinary sanctions.

The "lead" plaintiff in the original action was Curtis Richardson, who described himself as a "jailhouse lawyer." See <u>Richardson, et al, v. Faukenbery, et al</u>, supra, Document 1-1, p. 5. The papers filed in the original action were prepared, written and signed by Richardson. The Plaintiff in this action signed none of the initial paperwork.

The essential allegations in the original complaint dealt exclusively with Richardson. His pending cases in this Court and elsewhere were listed, but no comparable list appeared concerning his co-plaintiffs. Indeed, they were mentioned by name only because all three inmates had been subjected to disciplinary sanctions as a result of their collaborative legal endeavors.

As discussed more fully below, a prisoner's claim that he has been denied access to courts must be based on some actual prejudice sustained in a real adjudication. To establish the actual injury sustained by each of the plaintiffs – and also to comply with financial requirements of the Prison Litigation Reform Act (PLRA) of 1996 – the undersigned filed an order on July 13, 2005, directing that the single case be divided into three separate actions. Each of the plaintiffs was directed to bring his individual case into "proper form" by filing his own Complaint, by answering Special Interrogatories and by submitting necessary service papers and financial information to this Court. The Plaintiff has now filed his responses to the order. His action is, therefore, subject to screening under 28 U.S.C. 1915A.

The Plaintiff was provided a standard form complaint, used in this Court to bring *pro se* actions under 42 U.S.C. § 1983. The Plaintiff has signed the form but has written nothing on it,

except for the following description of the relief sought:

> (1) I want to released [sic] from the Dept. of Correction
> (2) $30,000,000 in cash for hardship and Court Paperwork
> (3) And for officials to be terminated
> (4) Because of the Mental Anguish and Hardship this has cause my family has suffered also.

[1-1, p. 5.]

## *PRO SE* COMPLAINT

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DENIAL OF ACCESS TO COURT

To recover for denial of access to courts a prisoner plaintiff must demonstrate an actual injury resulting from the official conduct. Cochran v. Morris, 73 F. 3d 1310 (4th Cir. 1996); Strickler v. Waters, 989 F. 2d 1375 (4th Cir. 1993). Sowell v. Vose, 941 F. 2d 32 (1st Cir. 1991), is illustrative. The plaintiff had complained that his legal materials were seized in prison, which

resulted in his failure to file a timely notice of appeal. In fact, the record showed that the seizure occurred in February and the legal default in March. Not convinced by mere temporal proximity, the Court demanded more than a speculative connection between the two events: "If a causal relationship existed between the removal of the property and the dismissal of the state court appeal, Sowell could and should have articulated its basis...." Sowell, 941 F. 2d at 35.

To aid this Court in screening the anticipated Complaint, the undersigned also directed the Plaintiff to answer Special Interrogatories. In light of the requirement that an actual prejudice be sustained in a pending court case, Questions #1 and #2 called for the following specific information:

> (1) You complain that you have been denied access to a law library at Kershaw Correctional Institution (KCI). **Briefly and factually** identify the legal matter(s) for which you require access to a law library and state how the alleged denial has affected your case(s). **Identify the pending cases by civil or criminal action numbers, identify the court, and provide the status of the proceeding**.
>
> (2) You allege that on May 17, 2005, and on May 20, 2005, your legal materials were seized. **Briefly and factually** identify the legal matter(s) for which those legal materials were required and state how the alleged seizure has affected your case(s). **Identify the pending cases by civil or criminal action numbers, identify the court, and provide the status of the proceeding**.
>
> The Plaintiff's responses were as follows:
>
> (1) The Kershaw Correctional Institute took my legal work (habeas corpus & PCR) when I had only 7 days to get back into Court.
>
> (2) See Grievance Exhibit A-C.

[5-1, p. 9.]

These answers fail to provide this Court with any basis to inquire further into the Plaintiff's claims. Under precedents cited above, vague references to unspecified legal proceedings fall far short of demonstrating genuine prejudice. The Plaintiff's attachment are

4

copies of draft grievances, complaining about the alleged seizure of papers on May 17, 2005. The forms provide no detail about pending cases in which the Plaintiff claims he suffered actual injury.[1] As noted above, the Plaintiff's Complaint form is virtually blank, saving only his demands for relief. In the final analysis, the relief he seeks cannot be provided by this Court: (1) release cannot be obtained through an action under 42 U.S.C. § 1983; (2) an award of damages for "hardship" or "mental anguish" is specifically prohibited by 42 U.S.C. 1997e(e); and (3) this Court has no authority to direct employment actions by the South Carolina Department of Corrections.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hemandez, 504 U.S. 25 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

---

[1] – These attachments also reveal that the plaintiff failed to follow written instructions provided by the Institution Grievance Coordinator (IGC). On one occasion, he attempted to file a grievance without signing or putting a date on the form. See Document #5, Exhibit "C."

**RECOMMENDATION**

The Defendants should not be required to answer this action. It is therefore recommended that the within Complaint be dismissed without prejudice. This dismissal should be deemed a "strike" under 28 U.S.C. § 1915(g) not only because the Complaint fails to state a claim upon which relief may be granted but also because it is manifestly frivolous. Plaintiff's attention is directed to the Notice on the following page.

                                                Respectfully Submitted,

                                                s/Thomas E. Rogers, III

                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

September 13, 2005
Columbia, South Carolina

4:05-cv-01988-RBH     Date Filed 09/13/05     Entry Number 8     Page 7 of 7

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

7